IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARIUS F. HOLLOWAY,

    Petitioner,

v.                                                                    Civil Action No. **3:11CV498**

BRYAN WATSON,

    Respondent.

## MEMORANDUM OPINION

Darius F. Holloway, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Suffolk, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Holloway has responded; the matter is ripe for disposition. Since Holloway has failed to meet the one-year deadline and he cannot demonstrate entitlement to equitable tolling or a belated commencement of the statute of limitations, his petition must be dismissed.

### I. PROCEDURAL HISTORY

Holloway pled guilty in the Circuit Court to two counts of malicious wounding, two counts of attempted robbery, and four counts of use of a firearm in the commission of a felony. *Holloway v. Commonwealth*, No. 2263-08-1, at 1 (Va. Ct. App. June 9, 2009). The Circuit Court sentenced Holloway to a total active term of incarceration of twenty-two years. *Id.* On June 9, 2009, the Court of Appeals of Virginia denied Holloway's petition for appeal and granted counsel permission to withdraw. *Id.* at 2. Holloway filed a petition for appeal in the Supreme

Court of Virginia. On August 20, 2009, the Supreme Court of Virginia dismissed Holloway's petition for appeal. *Holloway v. Commonwealth*, No. 091386, at 1 (Va. Aug. 20, 2009).

Holloway, by counsel, then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on August 19, 2010 ("State Habeas Petition").[1] On February 24, 2011, the Supreme Court of Virginia dismissed the petition. *Holloway v. Dir., Dep't Corr.*, No. 101604, at 3 (Va. Feb. 24, 2011). On April 28, 2011, the Supreme Court of Virginia denied Holloway a petition for rehearing. *Holloway v. Dir., Dep't Corr.*, No. 101604, at 1 (Va. Apr. 28, 2011).

On July 28, 2011, Holloway filed the instant § 2254 Petition in this Court.[2] In his § 2254 Petition, Holloway makes the following claims:

| | |
|---|---|
| Claim One | Trial counsel unreasonably advised Holloway to sign a Plea Agreement which was void as against public policy because it prospectively limited counsel's liability to Holloway. Counsel also failed to object to the Plea Agreement on this ground. (Mem. Supp. § 2254 Pet. 8.) |
| Claim Two | Trial counsel failed to object to the incorrectly calculated sentencing guidelines used by the Circuit Court. (*Id.* at 15.) |
| Claim Three | Trial counsel failed to "take any action or give any advice to [Holloway], once the statement of the sentencing Judge constituted a de facto rejection of the Plea Agreement." (*Id.* at 17 (emphasis omitted).) |

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Holloway's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28

---

[1] This is the date Holloway's counsel mailed the petition by certified mail, Petition for Writ of Habeas Corpus, at 23, *Holloway v. Dir., Dep't Corr.*, No. 101604 (Va. filed Aug. 20, 2010), and thus the date Virginia courts deem the document filed. *See* Va. Sup. Ct. R. 5:5(c) (West 2010).

[2] This is the date Holloway swears he placed the § 2254 Petition in the mail and, hence, the date this Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations

Holloway's judgment became final on Wednesday, November 18, 2009, the last day to file a petition for a writ of certiorari in the Supreme Court of the United States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired. . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (petitions for writ of

3

certiorari must be filed "within 90 days after entry of the order denying discretionary review"). The statute of limitations ran for 273 days before Holloway filed the State Habeas Petition in the Supreme Court of Virginia on August 19, 2010. *See* 28 U.S.C. § 2244(d)(2).

On February 24, 2011, the Supreme Court of Virginia dismissed the State Habeas Petition. Thereafter, the statute of limitations ran for an additional 153 days before Holloway filed the § 2254 Petition on July 28, 2011. Thus, the statute of limitations ran for a total of 426 days before Holloway filed the § 2254 Petition. Accordingly, unless he demonstrates entitlement to equitable tolling or a belated commencement of the statute of limitations, the statute of limitations will bar Holloway's § 2254 Petition.

### C. Equitable Tolling

Holloway argues that he is entitled to equitable tolling because "[t]here are cases where the facility [where Holloway is incarcerated] is locked down for months and [Holloway] has no way to get to the law library or research the proper information needed to complete case law material." (Pet'r's Reply 2 (capitalization corrected).) However, "[t]he circumstances on which petitioner relies amount to no more than the routine incidents and circumstances of prison life." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727 (E.D. Va. 2009) (Ellis, J.) (denying equitable tolling where prison transfers kept petitioner from accessing law library). "'[T]ransfers between prison facilities, solitary confinement, lockdowns, [and] restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Id.* at 727–28 (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Thus, Holloway neither demonstrates any extraordinary circumstance preventing him from filing in a timely manner nor does he attempt to explain any other reason why he should be entitled to equitable tolling. Accordingly, Holloway is not entitled to equitable tolling.

### D. Belated Commencement

In addition to the date on which a judgment becomes final, federal law provides that the statute of limitations may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). This belated commencement provision protects petitioners when their claims could not have been brought earlier.

"[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (citing *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002)). Courts should grant relief only where a petitioner is "altogether prevented . . . from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009). Prisoners must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations. *Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) (citing cases).

Here, Holloway merely states that his recitation of prison conditions, "should be enough of a circumstance external to [Holloway's] own conduct allowing the [§ 2254 Petition] not to be time-barred." (Pet'r's Reply 2 (capitalization corrected).) Such allegations do not satisfy Holloway's obligation to demonstrate that the conditions of his confinement prevented him from filing a habeas petition. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, Holloway is not entitled to a belated commencement of the statute of limitations. Because Holloway cannot demonstrate any meritorious grounds for belated commencement or equitable tolling, the § 2254 Petition will be DENIED as untimely.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 7) will be GRANTED. Holloway's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order shall issue.

Date: June 21, 2012
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Holloway fails to meet this standard.